IN THE
UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **ILMER G. MARTINEZ LINARES,** ) | |
| Plaintiff, ) | |
| ) | Case No.: _____ |
| v. ) | |
| ) | |
| **CAPITAL AUTO SALES OF CHANTILLY, LLC,** ) | |
| ) | |
| **SULEMAN QAZI,** ) | |
| ) | |
| and ) | |
| ) | |
| **SANDRA RUTH FORONDA,** ) | |
| Defendants. ) | |

**Serve:** Suleman Qazi (Registered Agent)
CAPITAL AUTO SALES OF CHANTILLY, LLC
25280 Pleasant Valley Road, Unit 150
Chantilly, VA 20152

**Serve:** SULEMAN QAZI
25280 Pleasant Valley Road, Unit 150
Chantilly, VA 20152

**Serve:** SANDRA RUTH FORONDA
25280 Pleasant Valley Road, Unit 150
Chantilly, VA 20152

## COMPLAINT

COMES NOW Plaintiff, ILMER G. MARTINEZ LINARES ("LINARES"), by counsel, and files this Complaint against Defendants CAPITAL AUTO SALES OF CHANTILLY, LLC ("Capital Auto"), SULEMAN QAZI ("Qazi"), and SANDRA RUTH FORONDA ("FORONDA"), and in support thereof state as follows:

## PRELIMINARY STATEMENT

1

1. Plaintiff, who is a Spanish-speaking worker with little or no fluency in either spoken or written English, brings this action to require Defendants to pay back wages owed to him, which Defendants failed to pay in violation of §7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, et seq. ("FLSA"). Plaintiff seeks permanent injunctive relief and damages.

2. From June 2018 through December 20th, 2019, the named Plaintiff Linares was employed by Defendant to "detail" automobiles at the Defendants' Chantilly dealership in Northern Virginia.

3. Defendants employ between 2 and 3 employees to perform these manual car wash and detailing tasks performed by the named Plaintiff. Plaintiff routinely worked more than 40 hours per week. Defendants failed to pay Plaintiff an overtime premium of one and one-half times his regular rate of pay for his hours worked over 40 in any workweek.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction of Plaintiff's claims pursuant to 29 U.S.C. § 201, *et seq*.; 29 U.S.C. § 216, 28 U.S.C. § 1331 and 28 U.S.C. § 1337(a).

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(ii) because the Defendants transact business in this District, Defendants employed Plaintiff in this District, and all of the actions complained of were conducted within this District.

**PARTIES**

6. Plaintiff Linares is a former non-exempt employee of Defendants who earned, but did not receive, compensation for time worked, together with time and one-half pay for time spent over 40 hours per week from Defendants.

7. The Plaintiff at all times relevant hereto was an "employee" as that term is defined by 29 U.S.C. §203 (e).

8. The Defendant "Capital Auto" is a corporation formed and existing under the laws of the Commonwealth of Virginia and at all times during Plaintiff's employment, Defendants Capital Auto, Qazi, and Foronda were employers as defined by 29 U.S.C. §203 (d).

9. Defendant Qazi at all times relevant hereto was the "employer" as that term is defined by 29 U.S.C. §203 (d). In particular, upon information and belief, Qazi is the owner of Defendant Capital Auto, established work rules for the Plaintiff, has knowledge of the hours worked by Plaintiff and the manner in which he was paid, and controls other significant aspects of the Defendant Capital Auto's operations, including the hiring and firing of employees.

10. Defendant Foronda at all times relevant hereto was the "employer" and immediate supervisor of Plaintiff as that term is defined by 29 U.S.C. §203 (d). In particular, Foronda is the sales manager of Defendant Capital Auto, appears on a frequent, almost daily basis at the worksite where Plaintiff is working, directs the work of Plaintiff, establishes work rules for the Plaintiff, has knowledge of the hours worked by Plaintiff and the manner in which he was paid, and controls other significant aspects of the Defendant Capital Auto's operations, including the hiring and firing of employees. Plaintiff reports directly to Defendant Foronda for most matters of his daily duties.

11. At all times relevant, Defendants Capital Auto, Qazi, and Foronda have had two (2) or more employees who have regularly handled and worked on goods and/or materials that have been

moved in or produced for commerce, such as machines, automobiles, equipment, tools, supplies and cleaners that were transported or produced out-of-state.

12. Based on information and belief, at all relevant times Defendants' annual gross sales volume as defined by the FLSA have been in excess of $500,000 per year.

13. At all times relevant, Defendants were an enterprise engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 203(s).

**FACTS**

14. Defendants hired the Plaintiff.

15. Plaintiff provided car wash and automobile "detailing" services at the Capital Auto automobile dealership in Virginia on behalf of Defendants.

16. Plaintiff regularly worked more than 40 hours in almost every week he worked during his employment by Defendants.

17. Defendants kept track of all-time records for Plaintiff. Plaintiff was required to clock in and out daily using an automated machine which time-stamped a card which was handled and turned in to Defendant Foronda.

18. Plaintiff worked a fixed schedule from Tuesday through Friday from 11:00AM until 7:00PM, Saturday from 9:00AM until 8:00PM, and Monday 9:00AM until 8:00PM with a 30-minute lunch break which was oftentimes interrupted by Defendants due to work required by the Plaintiff. Defendants paid Plaintiffs a fixed rate of two thousand sixty-six dollars and sixty-six cents ($2,066.66) on the 5th and 20th of every month. Accordingly, Defendants paid Plaintiff for only four weeks' work per month (28 days), and therefore Plaintiff has been working without compensation for a total of 43 days during his employment by Defendants.

19. Plaintiff Linares prays to recover unpaid overtime wages in the amount of $11,976.84 for the periods he worked for the Defendants and was not paid at the rate of one and one-half times his regular rate of pay.

20. Plaintiff also hopes to recover unpaid time worked totaling $25,388.80 for the 43 days worked without pay during his employment.

## PAYMENT FOR ALL TIME WORKING

21. For the reasons stated herein, Plaintiff was not paid for all the time that he worked discharging their work-related duties.

## OVERTIME COMPENSATION

22. Defendants routinely and consistently required Plaintiff to work over forty hours per week.

23. The FLSA requires an employer to pay its employees at a rate of at least one and one-half times their regular rate for time worked in one work week over forty hours. This is commonly known as the time-and-a-half pay for overtime work.

24. Despite working overtime, Plaintiff was not paid time and one-half pay from Defendants for overtime worked.

## WILLFUL VIOLATIONS

25. On information and belief, Defendants have for the entirety of Plaintiff's employment period, willingly, deliberately and intentionally refused to pay him time and one-half pay for overtime worked.

26. On information and belief, and in violation of the FLSA, Defendants did not, during all relevant times, post the FLSA laws in an area alerting the Plaintiff of his rights.

27. Defendants led the Plaintiff to believe that his regular pay was paid in conformity with the FLSA.

28. Defendants knew or should have known that the Plaintiff was entitled to compensation for time actually worked and for time and one-half overtime pay under the FLSA, during all relevant times.

29. Defendants willfully, deliberately and intentionally failed to pay the Plaintiff for time actually worked and for time and one-half overtime wages for his hours worked over forty in any workweek.

30. Defendants have never claimed that the FLSA laws do not apply to Plaintiff, or that the Plaintiff is subject to any exemption from these requirements.

31. The Plaintiff is, therefore, owed compensation for time actually worked but not paid, and time and one-half overtime wages and back wages by Defendants, who willingly and knowingly withheld those wages.

## CAUSE OF ACTION
(Fair Labor Standards Act)

32. The foregoing paragraphs are included herein as though fully set forth herein.

33. Defendants regularly engage in commerce and their employees handle and use goods, which have moved in interstate commerce.

34. At all relevant times, Defendants were employers within the meaning of the FLSA and are subject to the provisions of the FLSA.

35. Plaintiff at all relevant times was an employee of Defendants, as defined by the FLSA.

36. During the period of time that the Plaintiff was employed by Defendants, Plaintiff performed work for which he was not compensated and, in addition, performed regular, scheduled overtime work for which no additional compensation was paid to him by Defendants in violation of the provisions of the FLSA. More specifically, Defendants violated § 7 of the FLSA by failing to pay time and one-half overtime wages to hourly non-exempt employees, including the Plaintiff who earned overtime pay.

37. Upon information and belief, the Defendants' pay system was unilaterally imposed upon their employees, including Plaintiff.

38. The Defendants' failure to compensate the named Plaintiffs and Class Plaintiffs for all compensable hours violates the minimum wage provisions of the FLSA and the regulations thereunder.

39. The Defendants' failure to properly administer a scheme of compensation, including but not limited to actual time and overtime compensation violates the overtime provisions of the FLSA and the regulations thereunder.

40. The Defendants' failure to compensate Plaintiff for all compensable hours was a willful and knowing violation of the FLSA.

41. As a result of the Defendants' willful and knowing failure to properly compensate Plaintiff, Plaintiff has suffered substantial delays in receipt of wages owed and damages.

42. The Defendants' failure to properly administer a compensation scheme for overtime was a willful and knowing violation of the FLSA.

43. Pursuant to 29 U.S.C. §§ 207 and 216, Defendants owe the Plaintiff compensation for his overtime work, an additional equal amount as liquidated damages, together with an additional sum for attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff seeks judgment against Defendants as follows:

1. That the Court declare the rights and duties of the parties consistent with the relief sought by Plaintiff;
2. That the Court issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;
3. That Defendants be enjoined from further violations of the Fair Labor Standards Act;
4. That the Plaintiff recover unpaid straight and overtime wages together with an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b).
5. That Plaintiff recover his unpaid wages for the periods he performed work for Defendants and were not paid at all as described herein totaling $25,388.80.
6. The Plaintiff Linares recover his unpaid overtime wages in the amount of $11,976.84 for the periods he worked for the Defendants and was not paid one and one-half times his regular rate of pay.
7. That the Plaintiff recover an award of reasonable attorney's fees, costs, and expenses.
8. Plaintiff further prays for such additional relief as the interests of justice may require.

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

ILMER G. MARTINEZ LINARES

By Counsel

By: _____/s/_____
Thomas F. Hennessy (VSB No. 32850)

**THE HENNESSY LAW FIRM, PLLC**
4015 Chain Bridge Road, Suite G
Fairfax, Virginia 22030
Phone: (703) 865-8836
Fax:    (703) 865-7633
thennessy@virginiawage.net

*Counsel for Plaintiffs*